IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

CECIL JEROME HATCHETT,

    Plaintiff,

v.

3:14-CV-876-PK

OPINION AND ORDER

U.S. BANK, RICHARD DAVIS, OCWEN
FEDERAL LOAN, MULLINIAM GROUP
LOAN,

    Defendants.

MOSMAN, District Judge:

    Plaintiff *pro se* Cecil Jerome Hatchett, proceeding *in forma pauperis*, filed this action against defendants identified as U.S. Bank, Richard Davis, Ocwen Federal Loan, and Mulliniam Group Loan on May 30, 2014. The gravamen of Hatchett's complaint is unclear, but it appears likely that Hatchett intends to allege defendants' liability either in connection with Hatchett's allegedly unacknowledged compliance with his payment obligations under a mortgage he characterizes as an "illegal sham loan" or in connection with the unspecified role defendants may purportedly have played in causing Hatchett twice to have been purportedly falsely convicted and

Page 1 - OPINION AND ORDER

imprisoned by courts of the State of Oregon.[1] I have considered Hatchett's pleading and all of the papers on file. For the reasons set forth below, I dismiss Hatchett's action *sua sponte* for lack of subject-matter jurisdiction. Such dismissal is without prejudice, and Hachett has this court's leave to refile his claim or claims in the event he believes he can cure the jurisdictional and other infirmities identified below.

## FACTUAL BACKGROUND

In support of his prayer for relief, Hatchett alleges by and through his complaint as follows:

> I Cecil Jerome Hatchett need a Civil Rights Attorney. Supervisory officials sued in their [i]ndividual capacities are answerable in a 1983 action where there is a causal connection [b]etween their own actions and the claimed civil rights violation, $16,000,000,000 billion Dollars.
> 1. The illegal sham loan started with mulliniam loan group. This Black Man Cecil Jerome Hatchett just got of [*sic*] illegal imp[r]isonment cover-up.
> 2. Ocwen Federal Loan and U.S. Bank [are] tr[y]ing to cover-up a fraudulent payback by trying [to] act like Cecil J. Hatchett stopped paying. When Ocwen Loan illegally sent the payment back and then demanded three mo[]nt[h]s back Pay. Ocwen Federal loan and U.S. Bank trying to get a illegal summ[a]ry Judgment.[] All Cecil Jerome Hatchett's Federal Civil Rights, U. S. Constitution Amendment Rights must be added.

Complaint, 1-2. In addition, Hatchett includes as exhibits to his complaint copies of two "MoneyGram" transfers of funds from Hatchett to "Ocwen Loan Service" in the respective amounts of $1,490.00 and $10.00, copies of Walmart receipts for the two MoneyGram transfers, a copy of a letter signed by Hatchett on April 20, 2012, and ostensibly sent to the Oregon

---

[1] Hatchett appears specifically to allege defendants' liability under 42 U.S.C. § 1983, but it is well established that "§ 1983 affords a 'civil remedy' for deprivations of federally protected rights caused by persons acting under color of state law...," *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), and nothing in Hatchett's pleading or other papers suggests that any defendant acted at any time under color of state law, or that defendants deprived Hatchett of any constitutional or federal statutory right.

Page 2 - OPINION AND ORDER

Attorney General's office complaining that Hatchett had at that time been unable to reach an "Account Manager" at Ocwen to discuss Ocwen's apparent threat to foreclose on Hatchett's mortgage, and a copy of a letter signed by Hatchett on January 21, 2011, and ostensibly sent to the President and Attorney General of the United States and to the Governor of the State of Oregon complaining of "quiet white conspiracy hate crimes" which resulted in Hatchett's "experience[]" of "two illegal sham trials at Multnomah County Court-house" in connection with each of which Hatchett was convicted and sentenced to a period of incarceration. Complaint, Exhs. 1-4.

## ANALYSIS

Federal Civil Procedure Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction"). Moreover, in connection with *in forma pauperis* actions such as this, the district courts are obliged to dismiss *sua sponte* actions failing to state a claim upon which relief can be granted:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
>     (B)    the action . . .
>
>             (i)    is frivolous or malicious; [or]
>
>             (ii)    fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2).

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional authority to adjudicate the case. *See, e.g., Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998); *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996). Under either apparent potential gravamen of Hatchett's complaint, this court lacks such authority.

The federal courts are courts of limited jurisdiction. *See, e.g., Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005), *citing Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). As such, the courts presume that causes of action "lie[] outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377; *see also, e.g., Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). To the extent that Hatchett complains of defendants' alleged conduct in connection with Hatchett's efforts to comply with his loan repayment obligations, because the alleged facts do not give rise to any apparent federal question (as opposed to issues of Oregon law), this court may only properly exercise subject-matter jurisdiction over Hatchett's action if it is possible to determine from his pleading that there is complete diversity of citizenship between Hatchett and all of the defendants; that is, this court may exercise diversity jurisdiction if it appears on the face of the pleading that none of the defendants is a citizen of the same state as Hatchett, presumably Oregon (among other requirements which appear to be met here). Because it is not possible to determine from Hatchett's complaint the citizenship of the defendants – in particular of individual defendant Richard Davis – this court may not properly exercise diversity jurisdiction here.

Although this jurisdictional defect could potentially be cured by amendment, other

Page 4 - OPINION AND ORDER

infirmities in Hatchett's claim, to the extent construed as arising out of his efforts to comply with his repayment obligations, remain apparent. First, Hatchett's prayer for $16 billion in damages is patently frivolous, particularly in light of Hatchett's representations in support of his *in forma pauperis* petition. Second, Hatchett fails to allege any potentially actionable conduct by any named defendant other than Ocwen Federal Loan, which may or may not be the same entity as the one to which Hatchett apparently tendered one or more payments. Third, Hatchett fails to indicate which state law or laws the defendants may have violated by and through their complained-of conduct, or any legal theory in support of his claimed damages.

To the extent that Hatchett complains of defendants' possible role in causing him to be falsely convicted and sentenced to incarceration under Oregon law, this court is barred from exercising jurisdiction over his action by the so-called *Rooker-Feldman* doctrine. Pursuant to the *Rooker-Feldman* doctrine, the federal courts lack jurisdiction to exercise appellate review over state court judgments. *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858-859 (9th Cir. 2008); *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416 (1923). "The clearest case for dismissal based on the *Rooker-Feldman* doctrine occurs when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision . . . .'" *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007), *quoting Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). However, the doctrine is equally applicable to bar the federal courts "from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment." *Reusser*, 525 F.3d at 859, *quoting Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004), *citing Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir.

2003). An action brought in federal court constitutes such an appeal if "claims raised in the federal court action are 'inextricably intertwined' with [a] state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Id., quoting Bianchi*, 334 F.3d at 898. In essence, the *Rooker-Feldman* doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006 (1994) (citations omitted).

Here, Hatchett's possible claims are "inextricably intertwined" with the decisions of the Oregon courts to convict and sentence him. The gravamen of Hatchett's possible claim is either that the convictions themselves were wrongful, that the state-court proceedings were improperly instituted in the first instance, and/or that the state-court proceedings were conducted improperly. To provide relief on any such theory would therefore require this court to review the state-court proceedings, which it lacks subject-matter jurisdiction to do. No amendment of Hatchett's complaint could be effective to cure this latter jurisdictional deficiency.

## CONCLUSION

For the reasons set forth above, Hatchett's action is dismissed for lack of subject-matter jurisdiction. In the event Hatchett believes he can cure the jurisdictional and other infirmities

///

///

///

identified above, he may refile his claim in this court. Such dismissal is without prejudice to Hatchett's right to seek relief from the state courts.

Dated this 16th day of July, 2014.

                                                Honorable Michael Mosman
                                                United States District Judge